UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN COTTINGIM,

    Plaintiff,

v.                                            Case No: 8:22-cv-1235-CEH-CPT

RELIASTAR LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the parties' Joint Motion for Leave to File Unredacted Separation Agreement on CD Under Seal (Doc. 21), filed on March 9, 2023. In the joint motion, the parties request an order permitting them to file a copy of the Plaintiff's Separation Agreement with his former employer on CD and under seal. The Court, having considered the motion and being fully advised in the premises, will grant the parties' Joint Motion for Leave to File Unredacted Separation Agreement on CD Under Seal.

## DISCUSSION

In this action filed under an insurance policy governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), Plaintiff Kevin Cottingim seeks short and long-term disability benefits under group policies issued by Defendant ReliaStar Life Insurance Company to Plaintiff's former employer, EmployBridge, LLC. Doc. 1. When Plaintiff stopped

working with EmployBridge, he executed a Separation Agreement, in which he agreed to keep its contents confidential absent the employer's consent. The Separation Agreement includes, among other matters, information regarding Plaintiff's salary, payment structure, severance package, and the employer's policies. The parties represent that such information is confidential, and the public dissemination of the Agreement would put the employer at a competitive disadvantage with respect to its ability to hire employees, negotiate terms of its contracts, and its ability to perform its primary business of placing candidates with other employers. The parties further represent that they need to address the terms of the Separation Agreement in their dispositive motions, and therefore seek leave to file an unredacted copy of the Agreement under seal on CD.

In relevant part, the Middle District of Florida's Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). Rule 5.2(a) recognizes that certain information, including social security numbers, birthdates, names of minors, and financial account information, should be redacted. Fed. R. Civ. P. 5.2(a). Notwithstanding those limited examples, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, however, a court has the discretion to permit materials to be filed under

seal. *Romero*, 480 F.3d at 1246. Such relief may be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id*. (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246. Given the representations of the parties as to the nature of the financial information contained in the document and the legitimate business interests of Plaintiff's former employer in keeping the information confidential, good cause exists to permit the Separation Agreement to be filed under seal. Accordingly, it is hereby

**ORDERED**:

1. The parties' Joint Motion for Leave to File Unredacted Separation Agreement on CD Under Seal (Doc. 21) is **GRANTED**.

2. The parties may file the Plaintiff's Separation Agreement on CD under seal.

3. The Clerk is directed to accept the CD for filing and to keep it under seal for one year, after which time any party may file a motion to renew sealing of the document.

**DONE AND ORDERED** in Tampa, Florida on March 16, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any